**WITTING et, Plaintiffs, v. STERLING FINANCE COMPANY et, Defendants.**

Common Pleas Court, Franklin County.

No. 186597.   Decided April 1, 1953.

Jenkins, Williams, Wendt, Murray & Deeg, Columbus, for plaintiffs.

James W. Huffman, Columbus, for Colonial Finance Company.

**OPINION**

By BARTLETT, J.

MOTION TO QUASH SERVICE OF SUMMONS ON DEFENDANT, COLONIAL ACCEPTANCE CORPORATION, IS OVERRULED.

The Sheriff's return shows service on defendant, Colonial Acceptance Corporation, in accordance with §11290 GC, as a foreign corporation. The return states service was made "by serving Sally McNamara, District Supervisor, by personally handing her a true and certified copy of this writ with all the endorsements thereon," etc.

The affidavits of the President and Vice President of the defendant company state that Sally McNamara on whom process was served is a travelling auditor employed by said company but has no managerial functions or authority.

Sec. 11290 GC, supra, provides:

"When the cause of action has accrued within this state the service may be upon any officer or employee of the foreign corporation * * *."

The affidavits of the President and the Vice President of this company proceed to argue the meaning and constitutionality of this section of the Ohio Code, which is out of place in an affidavit and certainly lends no weight thereto.

The affidavits of the President and Vice President are in conflict with the petition, verified by the several plaintiffs in many respects, to-wit: the previous relationship existing between the parties, and the ultimate question of whether the cause of action has accrued within this state; all these questions involve not only matters of fact, but the application of pertinent legal principles to the facts.

It would seem apparent that such questions, of either fact or law, may not be determined by motion, but are issues that must be determined in a trial on their merit.

Williams, J., makes the following pertinent observations in the case of **Trustees v. McClannahan, et al., 53 Oh St 403, 411**:

"The hearing upon the motion is not the mode provided by law for the trial of the issues joined in the action, and neither party can be deprived of the lawful mode of trial by the decision on the motion, whatever it may be. A trial is defined to be a judicial examination of the issues in an action. Revised statutes, §5127 (now §11376 GC), and all issues of fact must be tried by the court or a jury, unless referred as provided for in certain cases. Revised statutes, §§5130, 5131 (now §§11379, 11380 GC), 'a motion is an application for an order, addressed to the Court or a judge by a party to a suit, or one interested therein.' Revised statutes, §5121 (now §11370 GC)."

"A hearing upon a motion was not designed to take the place of a trial. It may be had upon affidavits taken without opportunity for cross-examination, and is not in any proper sense a trial." etc.

The motion to quash service of summons on the defendant company is overruled. Entry to be drawn accordingly with exceptions reserved by counsel for defendant, Colonial Acceptance Corporation.